UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

LUKE DINAN,

        Plaintiff,

   -v-                                              No. 21-CV-8987-LTS

WARDEN CARTER, WARDEN GUERRA,
CAPTAIN HORTON, CAPTAIN ANTHONY
DANIEL, CAPTAIN CARLO CIQUERO, AND
CAPTAIN JERMAIN SLACK,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Plaintiff Luke Dinan brings this action <u>pro se</u> against several New York City Department of Correction ("DOC") officials, alleging constitutional violations relating to his confinement as a pretrial detainee at the Vernon C. Bain Center. (Docket entry no. 3 ("Compl.").) Plaintiff delivered his complaint to prison authorities on October 12, 2021, and it was filed on the docket on November 1, 2021. (<u>See id.</u> at 7.) In sum and substance, Plaintiff alleges that various DOC officials violated his constitutional rights on or about October 5, 2021, by depriving him of toilet paper, soap, and toothbrushes for two to three days, and depriving him of food and water for seven to eight hours. (<u>See id.</u> at 4-6.) Defendants move to dismiss the complaint, arguing that Plaintiff has both (1) failed to exhaust his administrative remedies and (2) failed to state a plausible claim for relief because the conditions of which he complains do not constitute an objectively serious deprivation as is necessary to support his constitutional conditions-of-confinement claim. (<u>See</u> docket entry no. 15 ("Defs. MOL") at 9.)

        Plaintiff has not responded to the motion or communicated with the Court. Since

filing his complaint well over a year ago in October 2021, Plaintiff has made no filings, neglected to submit an Amended Complaint as directed by the Court, and all documents that have been mailed to the Plaintiff by the Court have been returned as undeliverable or as unable to forward.  Plaintiff has failed to provide a current address or otherwise take steps to prosecute this case.

The Court grants Defendants' motion to dismiss for substantially the reasons set forth in the Defendants' papers as to Plaintiff's failure to administratively exhaust his remedies. (See Defs. MOL at 12-17.)  Plaintiff was required, under the Prison Litigation Reform Act ("PLRA"), to exhaust his administrative remedies before bringing a suit about the conditions of his confinement.  42 USC § 1997e(a).  Exhaustion must be "proper," in that people in custody must use "all steps the agency holds out," before bringing suit.  Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011).

Defendants are correct to note that dismissal is required when failure to exhaust is evident from the face of Plaintiff's complaint.  (See, e.g., Defs. MOL at 15-16.)  Plaintiff alleges that the conduct giving rise to the complaint occurred beginning on October 5, 2021. (Compl. at 4.)  He submitted his complaint to prison officials for filing on October 12, 2021, which is the date on which a submission from an incarcerated pro se litigant is deemed filed. Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).  The DOC's grievance process takes many weeks to complete.[1]  When it is evident that Plaintiff could not have exhausted his remedies between the date of the alleged incident and the filing of the complaint, dismissal is proper.  See, e.g.,

---

[1] The IGRP is available online.  See https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf (last visited March 15, 2023).  Courts in this Circuit also routinely take judicial notice of the IGRP.  See, e.g., Hickman v. City of New York, No. 20-cv-04699-RA-OTW, 2021 WL 3604786, at *3 (S.D.N.Y. Aug. 12, 2021).

Price v. City of New York, No. 11-cv-6170-TPG, 2012 WL 3798227 (S.D.N.Y. Aug. 30, 2012) (dismissing complaint when only twenty-one days had elapsed between the date of the incident and the date of the complaint); Stokes v. de Blasio, No. 17-CV-7890-JGK, 2019 WL 132279 (S.D.N.Y. Jan. 8, 2019) (dismissing complaint when only ten days had elapsed); Lopez v. Cipolini, 136 F. Supp. 3d 570 (S.D.N.Y. 2015) (same).  Given that only approximately one week had elapsed here, Plaintiff's claims are barred due to a failure to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss the complaint.  This Memorandum Order resolves docket entry no. 14.  The Clerk is Court is respectfully directed to enter judgment dismissing the complaint and close case number 21-cv-8987.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Chambers will mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: New York, New York  　　　　　/s/ Laura Taylor Swain
　　　　　March 22, 2023　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　Chief United States District Judge


**Mail to**:
Luke Dinan
97-50 Queens Blvd
Apt. B12
Rego Park, NY 11374